IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL HART,
Personal Representative of the
Estate of Cody Serda,

    Plaintiff,

v.                                                       No. 1:19-cv-00529-MIS-JFR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## OMNIBUS ORDER ON MOTIONS IN LIMINE

THIS MATTER comes before the Court on various motions, including Plaintiff's Motion in Limine to Limit or Exclude Expert Testimony and/or Expert Report, ECF No. 96, Motion in Limine to Exclude References to a Firearm at the Collision Scene, ECF No. 98, and Motion for Judicial Estoppel or, in the Alternative, Motion in Limine to Preclude Evidence of or Argument Regarding Fault of Plaintiff-Decedent, ECF No. 100. The Court has determined that these motions are suitable for disposition without oral argument, and will address them one by one.

**I.**     **Motion in Limine to Exclude Expert Testimony**

The Court, having reviewed Plaintiff's Motion in Limine to Limit or Exclude Expert Testimony and/or Expert Report, ECF No. 96, agrees with Defendant that it is in substance a *Daubert* motion, as it principally concerns the admissibility of expert testimony based on Plaintiff's objections to that expert's methodology. *See* ECF No. 130 at 1; *see also* ECF No. 96 at 6–16. The Court will therefore deny this motion as untimely. *See* ECF No. 72 (dispositive and *Daubert* motions were due April 18, 2022). To the extent that Plaintiff alleges improper or incomplete discovery disclosures, the Court will also deny this motion as untimely, as the

discovery motions deadline elapsed even earlier. *See* ECF Nos. 58, 61, 64, 80. To the extent that Plaintiff alleges Defendant's expert testimony would be cumulative and unnecessary, the Court will determine this during the course of trial, depending on what testimony is actually offered.

Notwithstanding the above, the Court is inclined to hold a brief Rule 702 hearing either at the pretrial conference on August 1, 2023; on the morning of the first day of trial, at 8:00 AM; or at some other time convenient to Defendant's expert witness. For purposes of this hearing only, the Court will consider allowing Defendant's witness to appear via Zoom, upon request by counsel. Defendant shall alert the Court as to its preference by **5:00 PM** on **Friday, July 28, 2023**.

### II. Motion in Limine to Exclude Firearm Evidence

The Court determines that this motion is unopposed and will therefore grant it. *See* ECF Nos. 98, 131. If, during the course of trial, Defendant comes to believe that the firearm evidence has become relevant, it may seek to amend this ruling.

### III. Motion for Judicial Estoppel

Plaintiff asks that the Court issue "an order of Judicial Estoppel prohibiting the Defendant[]" from arguing that Mr. Serda was "wholly at fault for the incident that led to his death" as such position would be "inconsistent with [Defendant's] prior actions in this and related litigation." ECF No. 100 at 1. In particular, Plaintiff objects to Defendant potentially raising the issue of comparative negligence in light of its previously paying certain portions of the underinsured motorist coverage. *Id.* at 3. Defendant, meanwhile, alleges that the release agreement executed on behalf of the minor beneficiaries at the time of partial payment explicitly reserves the right to contest any additional proceeds. ECF No. 128 at 6; *see also* ECF No. 100-1 at 1.

Judicial estoppel is an equitable remedy that courts apply "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the

exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (citation omitted) (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (C.A.6 1982), and *United States v. McCaskey*, 9 F.3d 368, 378 (C.A.5 1993)). The Tenth Circuit has explained the factors courts typically consider:

> First, has the party taken a position that is clearly inconsistent with its earlier position? Second, would judicial acceptance of the later position create the impression that either the first or the second court was misled? And third, would allowing the party to change its position give it an unfair advantage or impose an unfair detriment on the opposing party if not estopped?

*Ordonez v. Canyons Sch. Dist.*, 788 F. App'x 613, 616 (10th Cir. 2019) (internal quotation marks and citations omitted).

Here, Plaintiff has failed to show even one instance of a court being misled—indeed, it appears to the Court that these issues have not previously been litigated. *See generally* ECF No. 100. Also, for the reasons set forth more fully below, the Court finds that Defendant's current position regarding comparative negligence is not inconsistent with its position earlier in litigation and does not give it an unfair advantage or impose an unfair detriment. Plaintiff has therefore failed to meet his burden to show judicial estoppel, and the Court will deny the motion as to this relief.

**IV.    Motion in Limine to Preclude Evidence of Fault**

In the alternative, Plaintiff asks that the Court "note the absence of any comparative negligence defense" in Defendant's pleadings "and strictly preclude any argument or evidence of fault on [Mr.] Serda in this matter on that basis." ECF No. 100 at 1.

The Court notes that Defendant did raise comparative negligence in its amended answer. *See* ECF No. 19 at 5–6. Defendant also mentioned its intent to raise this defense in the Joint Status Report and the first proposed pretrial order. *See* ECF Nos. 10 at 3–4; 78 at 2. Plaintiff's argument

regarding lack of notice is thus not well-taken, and the Court will deny the motion. *See* ECF No. 100 at 4.

**IT IS SO ORDERED.**

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE