**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ASHLEA CRUMLEY, as Personal Representative
of the ESTATE OF CODY SERDA,

    Plaintiff,

     v.                                                                              No.1:19-cv-00529-MIS-JFR

STATE FARM MUTUAL
AUTOMOBILE COMPANY,

    Defendant.

**ORDER TO SHOW CAUSE WHY COUNT II SHOULD NOT BE DISMISSED FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

**THIS MATTER** is before the Court following a Status Conference held on August 16, 2023. For the reasons that follow, the Court orders Plaintiff to show cause why Count II should not be dismissed for lack of subject matter jurisdiction as not ripe for adjudication.

**I.**       **Relevant background**

This case arises out of an automobile collision. On October 11, 2017, Cody Serda died when his motorcycle collided with an automobile driven by Ivan Castillo. ECF No. 1-1 ¶ 5. Mr. Castillo carried a $50,000 policy of liability insurance with USAA, which was tendered to Plaintiff prior to the filing of the present litigation. ECF No. 171 at 3.

Mr. Serda was a named insured on (or otherwise a beneficiary of) five separately-underwritten uninsured/underinsured motorist ("UM/UIM") policies issued by Defendant State Farm—one policy each for five separate vehicles. ECF No. 42 at 2. Each vehicle carried liability coverage in a total amount of $100,000 per person, $300,000 per incident. Id. Each vehicle also carried UM/UIM coverage of $25,000 per person, $50,000 per incident. Id. The policies were

subject to "stacking," entitling Mr. Serda to combine the total coverage for each policy when filing a claim.  Id.

Plaintiff demanded from State Farm UM/UIM proceeds under the policies.  On February 6, 2019, State Farm determined that the policies provided stacked UM/UIM coverage, and tendered $100,000 in underinsured motorist coverage to Plaintiff.

On April 18, 2019, Plaintiff filed an Amended Complaint for Declaratory Judgment in New Mexico state court, ECF No. 1-1, which was subsequently removed to this Court and assigned to United States District Judge Kenneth J. Gonzales, ECF Nos. 1, 6.  Briefly, the Complaint alleges that the UM/UIM limits are equal to the liability limits of $100,000 per person, $300,000 per incident, and therefore State Farm owes Plaintiff an aggregate stacked amount of $500,000 under the policies.  Id. ¶ 10.  Count I seeks a declaratory judgment as to whether the UM/UIM limits are equal to the liability limits.  Id. ¶¶ 11-22.  Count II alleges that State Farm "breached its contractual obligation to pay the damages incurred by its insured."  Id. ¶¶ 23-27.  In addition to incorporating all of the previous paragraphs, Count II alleges that "[t]he Estate was insured for the damages caused in the collision . . . [,]" id. ¶ 24; "Defendant has failed and refused to pay these damages pursuant to the Policy[,]" id. ¶ 25; "Defendant has breached its contractual obligation to pay the damages incurred by its insured[,]" id. ¶ 26; and "[a]s a result of Defendant State Farms' breach of its contractual duties, The Estate has suffered injuries and damages[,]" id. ¶ 27.  The Amended Complaint does not allege a wrongful death (or any other) claim against Ivan Castillo.

In early 2020, the Parties filed cross-motions for summary judgment.  ECF Nos. 24. 28.  Plaintiff sought summary judgment only as to Count I, arguing that The Estate is entitled to UM/UIM coverage equal to the liability limits (i.e., $100,000/$300,000) because State Farm did not obtain a valid rejection of UM/UIM coverage in an amount equal to the liability limits, as

required under New Mexico law. ECF No. 28 at 3-9. As such, Plaintiff argued that the policies should be reformed to include $100,000/$300,000 in stacked UM/UIM bodily injury coverage. Id. at 9-10.

Defendant argued in its Motion for Summary Judgment that it obtained valid rejections of UM/UIM coverage in an amount equal to the liability limits, as required under New Mexico law. ECF No. 24.

On November 25, 2020, Judge Gonzales issued an order granting in part and denying in part both Parties' motions for summary judgment. ECF No. 42. Judge Gonzales found that three of the at-issue policies required reformation to provide UM/UIM coverage of $100,000 per person and $300,000 per incident (because the Serdas' rejection of full UM/UIM coverage under those policies was invalid under New Mexico law). Id. at 11-13. However, he further found that the other two policies provided UM/UIM coverage of $25,000 per person and $50,000 per incident (because the Serdas' rejection of full UM/UIM coverage was valid under New Mexico law). Id. at 12-13. Thus, he concluded that Plaintiff's "total stacked coverage is $350,000 per person (three policies with liability limits of $100,000 and two policies with valid rejections of lower coverage for $25,000) and $1,000,000 per incident (three policies with liability limits of $300,000 and two policies with valid rejections of lower coverage for $50,000)." Id. at 13. Judge Gonzales Ordered as follows:

> 1. State Farm's Motion for Summary Judgment (Doc. 24) is granted in part and denied in part in that summary judgment is entered in favor of State Farm and against the Estate on the Estate's declaratory judgment claim (Count I) and breach of contract claim (Count II) with respect to State Farm policies 31-3320-204G (2012 Honda Civic) and 31-3320-204Z (2014 Toyota Corolla);
>
> 2. those claims are dismissed with prejudice;

3

> 3. the Estate's Cross-Motion for Summary Judgment (Doc. 28) is granted in part and denied in part in that summary judgment is entered in favor of the Estate and against State Farm on the Estate's declaratory judgment claim (Count I) with respect to State Farm policies 31- 3320-2P (1989 Toyota Camry); 31-3320-2A (2015 Toyota Prius); and 31-3320-204G (2004 Isuzu Axiom); and
>
> 4. State Farm policies 31-3320-2P (1989 Toyota Camry); 31-3320-2A (2015 Toyota Prius); and 31-3320-204G (2004 Isuzu Axiom) are each adjudged reformed to provide UM coverage of $100,000 per person and $300,000 per incident.

Id. at 13-14.

The case was subsequently transferred to the undersigned United States District Judge and set for trial. ECF Nos. 62, 92. On August 1, 2023, the Court ordered the Parties to file briefs regarding State Farms' "alleged breach of contract, including how an insurer may breach a contract in the absence of a preexisting stipulation or adjudication of an amount certain due." ECF No. 166. Plaintiff asserts that "[t]he refusal to reform and/or pay additional sums under the insurance policy once reformation was adjudicated constitutes the Breach of Contract in this matter because, by tendering payment of the undisputed policy limits prior to the onset of litigation, Defendant conveyed that it had accepted all conditions precedent to payment—including negligence of the tortfeasor and legal entitlement to damages." ECF No. 171 at 5.

Defendant's brief characterizes the breach of contract claim as follows: "to what extent the underinsured motorist is legally liable to the estate of Cody Serda." ECF No. 172.at 1. It argues that "[t]he legal liability of the underinsured motorist is dependent upon negligence/comparative fault principles and the damages to which plaintiff is entitled under tort law." Id.

On August 16, 2023, the Court held a Status Conference during which Plaintiff's theory of breach of contract was discussed. This Order follows.

**II.  Discussion**

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).

"The question of whether a claim is ripe for review bears on a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution." New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1498-99 (10th Cir. 1995) (citing ACORN v. Tulsa, 835 F.2d 735, 738 (10th Cir. 1987)).

> "[R]ipeness is peculiarly a question of timing," Regional Rail Reorganization Act Cases, 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320 (1975), intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements," Abbott Labs. v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).  In short, the doctrine of ripeness is intended to forestall judicial determinations of disputes until the controversy is presented in "'clean-cut and concrete form.'" Renne, 501 U.S. at 322, 111 S.Ct. at 2339 (quoting Rescue Army v. Municipal Court of Los Angeles, 331 U.S. 549, 584, 67 S.Ct. 1409, 1427, 91 L.Ed. 1666 (1947)).

Id. at 1499.  "As a general rule, determinations of ripeness are guided by a two-factor test, "'requiring us to evaluate both the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration.'"  Id. (quoting Sierra Club v. Yeutter, 911 F.2d 1405, 1415 (10th Cir. 1990) (quoting Abbott Labs., 387 U.S. at 149)).  "In determining whether an issue is fit for judicial review, the central focus is on 'whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  Id. (quoting 13A Wright, Miller & Cooper, Federal Practice & Procedure, § 3532 at 112).

Here, Plaintiff's breach of contract claim is contingent on a future event that may not occur as Plaintiff anticipates, or may not occur at all—specifically, a finding that Ivan Castillo, the underinsured motorist, is legally liable to Plaintiff.

"'Uninsured motorist coverage represents substituted liability only in the sense that a determination that the uninsured motorist is legally liable to the insured is a condition precedent to the obligation of the insurer to pay off on the policy.'" Hendren v. Allstate Ins. Co., 672 P.2d 1137, 1141 (N.M. Ct. App. 1983) (quoting Craft Econ. Fire & Cas. Co., 572 F.2d 565, 568 (7th Cir. 1978)). See also State Farm Mut. Auto. Ins. Co v. Maidment, 761 P.2d 446, 450 (N.M. Ct. App. 1988).

> To recover UM benefits, it is not sufficient to establish that the UM was at fault and the insured suffered damages. New Mexico law requires that the insured must be "legally entitled to recover damages" from the UM. See N.M.S.A. § 66–5–301(A) (1978) (UM/UIM coverage protects insureds "who are legally entitled to recover damages" from UM/UIMs); Maidment, 761 P.2d at 450 (New Mexico law "expressly requires" that the insured be legally entitled to recover damages from the UM "as a condition to payment under the [UM] coverage"). To be legally entitled to recover damages, the insured must prove the elements necessary to establish the UM's negligence: duty, breach of duty, causation, and damages. Maidment, 761 P.2d at 450; see also State Farm Mut. Auto. Ins. Co. v. Barker, 136 N.M. 211, 96 P.3d 336, 339 (N.M. App. 2004) ("[A]ny question of liability, including proximate cause, would have to be resolved by settlement or litigation before the [UM] would be liable for payment.") If the parties dispute those issues, the determination of the issues must be "made by legal means." Maidment, 761 P.2d at 450.

Ortiz v. Safeco Ins. Co. of Am., 207 F. Supp. 3d 1216, 1219 (D.N.M. 2016). "There is an additional requirement to recover UIM benefits in New Mexico." Id. at 1220. Specifically, "an insured must prove not only that the other driver was negligent and that such negligence caused the insured's damages, but also that the damages exceed the tortfeasor's liability limits." Id. (citing Schmick v. State Farm Mut. Auto. Ins. Co.. 704 P.2d 1092, 1098 (N.M. 1985) ("[A]n insured collects from his underinsured motorist carrier the difference between his uninsured motorist

6

coverage and the tortfeasor's liability coverage or the difference between his damages and the tortfeasor's liability coverage, whichever is less.")).

Here, because Plaintiff did not bring a wrongful death claim, Mr. Castillo's liability has not been resolved by settlement or litigation, and the deadline to amend pleadings expired more than four years ago. See ECF No. 16 at 2 (establishing a deadline of September 1, 2019 to amend the complaint).

Plaintiff cannot assert a breach of contract claim against State Farm to determine Mr. Castillo's liability. Ibarra v. Allstate Fire & Cas. Ins. Co., No. SA:20-CV-00280-JKP, 2020 WL 3259806, at *3 (W.D. Tex. June 16, 2020). In Ibarra, the plaintiff alleged that he was seriously injured in an automobile accident caused by an underinsured motorist. Id. at *1. The plaintiff submitted a claim for UIM coverage to his insurer, Allstate, who refused payment. Id. Thereafter, the plaintiff filed a complaint against Allstate that included a breach of contract claim and a request for a declaratory judgment. Id. Allstate moved to dismiss the breach of contract claim for failure to state a claim, arguing that under the Texas Supreme Court's decision in Brainard v. Trinity Universal Insurance Co., 216 S.W. 3d 809 (Tex. 2006), it had "no contractual duty to pay UIM benefits until [the plaintiff] obtain[ed] a judgment establishing [the underinsured motorist's] liability and the underinsured status." Ibarra, 2020 WL 3259806, at *1. And because the plaintiff had not obtained a judgment determining liability and damages (if any), Allstate argued that the breach of contract claim was due to be dismissed for failure to state a claim. Id. The plaintiff argued that Texas case law permits "an insured to proceed to trial against an insurer on a breach of contract cause of action and utilize tort law to establish the underlying tortfeasor's liability and consequential damages prompting UIM coverage." Id. at *2. The United States District Court for the Western District of Texas disagreed with the plaintiff, finding:

> Texas case law does not allow a scenario such as this, in which [the insured] files suit asserting breach of contract against Allstate to determine [the underinsured motorist's] liability. Texas case law specifically iterates an insurer holds no contractual duty to pay UIM benefits until there is an independent judgment establishing a tortfeasor's liability and the insured's damages.  If as here, [the insured] chooses to proceed directly against Allstate as the insurer, rather than [the underinsured motorist], he may obtain this prerequisite judgment through a declaratory judgment of liability, not through a breach of contract cause of action utilizing tort law to determine contractual liability.
>
> [The plaintiff] does not assert in the First Amended Complaint that he obtained a judgment establishing [the underinsured motorist's] liability and any consequential damages incurred.  Because Allstate's contractual duty to pay UIM benefits under the policy does not arise until [the plaintiff] obtains such a judgment, Allstate cannot have breached the insurance contract.  Therefore, [the plaintiff's] breach of contract cause of action based on Allstate's failure to pay UIM benefits is premature.  This procedural posture prompts this Court's independent obligation to ensure it has subject matter jurisdiction over all claims before it.

Id. at *3.  The court then determined that it lacked subject matter jurisdiction over the breach of contract claim because it was not ripe:

> [The plaintiff's] purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all.  Until [the plaintiff] litigates [the underinsured motorist's] liability . . . and obtains a judgment with determination of damages, and until Allstate denies payment of any UIM benefits after such a judgment, . . . the breach of contract claim is not ripe.  Here, Allstate moved for dismissal for failure to state a claim under 12(b)(6); however, this Court lacks subject matter jurisdiction to adjudicate the breach of contract cause of action based upon lack of ripeness.

Id.  Consequently, the court dismissed the breach of contract claim without prejudice for lack of subject matter jurisdiction.

Although Ibarra is not binding on this Court, the Parties have not cited, and the Court has not discovered, any New Mexico state court case on this issue.  The Court is persuaded by Ibarra and adopts its analysis.  Plaintiff cannot sue State Farm for breach of contract to determine Mr. Castillo's legal liability.  Because there has been no determination that the Mr. Castillo is legally liable to Plaintiff—which is "a condition precedent to the obligation of the insurer to pay off on

8

the policy[,]" Hendren, 672 P.2d at 1141 (Craft Econ. Fire & Cas. Co., 572 F.2d at 568), Plaintiff's breach of contract claim is not ripe. Ibarra, 2020 WL 3259806, at *3; Borg v. Meto. Lloyd's of Tex., CIVIL ACTION NO. W:12-CV-256, 2013 WL 12091651, at *2 (W.D. Tex. Feb. 21, 2013) (finding breach of contract claim based on insurer's refusal to pay UM/UIM benefits was unripe where there was no determination that the insured was legally entitled to recover from the underinsured motorist).

### III. Conclusion

Therefore, it is **HEREBY ORDERED** that Plaintiff shall have fourteen days from the date of this Order to **SHOW CAUSE** why the Court should not dismiss Count II for lack of subject matter jurisdiction, and enter Final Judgment as to Count I.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE